

FILED

AUG 2 4 2015

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: | Case No. 14-24824-B-7 |
| JOHN S. NOTMAN and JEANNETTE M. NOTMAN, | Adversary No. 14-2296 |
| Debtor(s). | |
| MICHAEL D. McGRANAHAN, Chapter 7 Trustee, | |
| Plaintiff(s), | |
| v. | |
| JOHN S. NOTMAN and JEANNETTE M. NOTMAN, | |
| Defendant(s). | |

**MEMORANDUM DECISION ON MOTION TO VACATE DEFAULT JUDGMENTS**

**Introduction**

Presently before the court is the *Defendants' Motion to Vacate Default Judgments* filed by defendants John Notman and Jeannette Notman.  This matter was heard on August 11, 2015. Keith Wood, Esq., appeared for the defendants.  Anthony Johnston, Esq., appeared for the plaintiff.  Cassandra Caverly, Esq., also appeared for interested party Pension Benefit Guaranty Corporation.  Notice was properly given to all required parties and parties in interest.  This memorandum decision constitutes the court's findings of fact and conclusions of law under Federal Rule of Civil Procedure 52(a) made applicable by Federal Rules of Bankruptcy Procedure 7052 and 9014.

1    Defendants move under Federal Rules of Civil Procedure 55(c)
2  and 60(b) – made applicable to this adversary proceeding by
3  Federal Rules of Bankruptcy Procedure 7055 and 9024 – to vacate
4  default judgments entered against them in this adversary
5  proceeding.  Rules 55(c)/7055 and 60(b)/9024 permit the court to
6  vacate a default judgment if the moving party demonstrates "good
7  cause."  Because the court concludes the defendants have failed
8  to satisfy their burden of proof on the issue of "good cause" –
9  and because the court is not persuaded that any of the "good
10  cause" factors support vacating the default judgments entered
11  against the defendants –  the default judgments entered against
12  the defendants will not be vacated and the defendants' motion
13  will be denied.
14    In reaching its decision, the court is mindful that Rules
15  60(b)/9024 are remedial and that a default judgment is a drastic
16  step.  See United States v. Aguilar, 782 F.3d 1102, 1106-07 (9th
17  Cir. 2015).  However, the court has reviewed the defendants'
18  motion and the supporting declarations and exhibits, the
19  plaintiff's opposition and supporting declarations and exhibits,
20  the opposition and supporting declaration and exhibits filed by
21  the Pension Benefit Guaranty Corporation, and the defendants'
22  reply and supplemental declaration.  The court has also heard the
23  arguments of counsel made on the record in open court.  And after
24  consideration of those matters and the entire record in this
25  adversary proceeding and the defendants' underlying chapter 7
26  case, the court is not persuaded that any of the "good cause"
27  factors favor vacating the default judgments entered against the
28  defendants.

-2-

**Jurisdiction and Venue**

Federal subject-matter jurisdiction is founded on 28 U.S.C. § 1334. This matter is a core proceeding that a bankruptcy judge may hear and determine.  28 U.S.C. §§ 157(b)(2)(A), (J), and (O). To the extent it may ever be determined to be a matter that a bankruptcy judge may not hear and determine without consent, the parties nevertheless consent to such determination by a bankruptcy judge.  28 U.S.C. § 157 (c)(2).  Venue is proper under 28 U.S.C. § 1409.

**Judicial Notice and Admission of Exhibits**

The court takes judicial notice under Federal Rule of Evidence 201 of the entire docket in this adversary proceeding and the defendants' underlying chapter 7 case (case no. 2014-24824).  The court also admits for purposes of this proceeding those items on the chapter 7 docket related to the trustee's turnover motion at dkts. 126-130, 142-145, 147-148, and 152 as well as plaintiff's Exhibits 1 through 5 submitted during the hearing on August 11, 2015, without any objection by the defendants.

**Background**

Mr. Notman is a highly-educated and sophisticated businessman, investor, and real estate broker.  He earned a masters of business administration from San Francisco State University.  He has been a California licensed real estate broker.  He operated Notman Real Estate Group.  He has also been an investment advisor and holds a securities license.

- 3 -

Defendants are debtors in the underlying chapter 7 case. Defendants are represented in that underlying chapter 7 case by G. Michael Williams.  The petition in defendants' chapter 7 case was filed on May 7, 2014.

The complaint in this adversary proceeding was filed on October 14, 2014.  The complaint and summons were served on Mr. Williams and on the defendants on October 28, 2014.[1]

A joint status report was filed in this adversary proceeding on December 8, 2014.  The joint status report proposed to commit the defendants to significant discovery obligations and, correspondingly, entitled the defendants to obtain discovery from the plaintiff.  The joint status report states that "Plaintiff's attorney" and "Defendants' attorney" met and conferred and the joint status report is a result of their meetings.  Mr. Williams formally signed and filed the joint status report as the "Attorney for Defendants."

Requests for entry of the defendants' defaults were filed on January 30, 2015.  Those requests were served on Mr. Williams and also served separately on the defendants.  Mr. Williams and the defendants did not object to the default requests or otherwise oppose the entry of defaults.  As a result, the defendants were placed in default on February 5, 2015.  Those defaults were served on Mr. Williams and separately on the defendants.  Neither Mr. Williams nor the defendants moved to set aside the defaults.

---

[1]It appears that Mr. Williams was served at an incorrect address as his post office box numbers were transposed.  However, because he later appeared, as discussed below, any error in service of process on Mr. Williams was harmless.  The defendants were properly served.  All subsequent service on Mr. Williams was also proper.

1    Plaintiff moved for entry of default judgments against the
2  defendants on March 7, 2015.  Plaintiff's motions were served on
3  Mr. Williams and also served separately on the defendants.  Mr.
4  Williams and the defendants did not oppose the default judgment
5  motions.  As a result, on March 24, 2015, the court entered
6  default judgments in favor of the plaintiff and against Mr.
7  Notman on Counts 1, 2, 4, 7, and 8 of the complaint and against
8  Mrs. Notman on Counts 1, 2, 4, and 7 of the complaint.  Notices
9  of entry of those default judgments were served on Mr. Williams
10  and also served separately on the defendants on March 25, 2015.

11    Defendants did not move to set aside the default judgments
12  entered against them until June 9, 2015.  Defendants now state
13  they expected Mr. Williams to file an answer on their behalf.
14  Mr. Williams acknowledges that he did not file an answer.
15  However, Mr. Williams states that he did not file an answer
16  because he was not retained to represent the defendants in this
17  adversary proceeding under a separate retainer agreement signed
18  by the defendants.

19

20  **Discussion**

21    The standard for setting aside a default judgment is the
22  same for setting aside a default under Rules 55(c)/7055; however,
23  once default judgment has been entered, relief is governed by
24  Rules 60(b)/9024.  Brandt v. American Bankers Ins., 653 F.3d
25  1108, 1111 (9th Cir. 2011).  When a defendant seeks relief under
26  Rules 60(b)/9024 based upon "excusable neglect," the court
27  applies the same three factors governing the inquiry into "good
28  cause" under Rules 55(c)/7055.  Id. (citing United States v.

-5-

1    Signed Personal Check #730 of Yubran S. Mesle, 615 F.3d 1085,

2    1091 (9th Cir. 2010)).  These are: "(1) whether the party seeking

3    to set aside the default engaged in culpable conduct that led to

4    the default; (2) whether it had no meritorious defense; or (3)

5    whether reopening the default judgment would prejudice the other

6    party."  Aguilar, 783 F.3d at 1105 (alterations omitted) (citing

7    Mesle, 615 F.3d at 1091).  "This standard . . . is disjunctive,

8    such that a finding that any one of these factors is true is

9    sufficient reason for the district court to refuse to set aside

10   the default."  Id. (alteration in original) (citing Mesle, 615

11   F.3d at 1091).  Courts often refer to these factors as the "Falk

12   factors" because they were first articulated in Falk v. Allen,

13   739 F.2d 461, 463 (9th Cir. 1984) (per curiam).  Defendants, as

14   the moving parties, bear the burden of proof to show that "good

15   cause" exists to set the default judgments aside.  TCI Group Life

16   Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001).

17

18   Culpability

19       "[A] defendant's conduct is culpable if he has received

20   actual or constructive notice of the filing of the action and

21   intentionally failed to answer."  Mesle, 615 F.3d at 1092

22   (quoting TCI, 244 F.3d at 697).  A finding of intentional failure

23   will exist when "there is no explanation of the default

24   inconsistent with a devious, deliberate, willful, or bad faith

25   failure to respond."  Mesle, 615 F.3d at 1092.  Because the

26   failure to file an answer in this adversary proceeding was

27   intentional, and because the defendants do not provide any

28   explanation inconsistent with the deliberate failure to file an

-6-

answer, the court concludes the defendants have failed to demonstrate an absence of culpability.

Mr. Williams appeared in this adversary proceeding as the defendants' "attorney of record" when he signed and filed the joint status report. See LBR 2017-1(b)(2)(A). Mr. Williams continued to represent the defendants in this adversary proceeding as their "attorney of record" until he was permitted to withdraw on July 11, 2015. See LBR 2017-1(a)(2); 2017-1(e). Mr. Williams acknowledges that during that time frame he did not file an answer on the defendants' behalf. The defendants also knew no answer was filed because they were served with the default applications, defaults, and default judgment motions. Defendants offer two explanations for the absence of an answer.

Mr. Williams states he did not file an answer because he did not have a separate retainer agreement signed by the defendants that obligated him to represent the defendants in this adversary proceeding. Typically, the court will recognize an agreement that limits an attorney's representation to an underlying bankruptcy case and excludes representation in an adversary proceeding filed in the bankruptcy case. See LBR 2017-1(a)(1). However, once Mr. Williams signed and filed the joint status report, he appeared in this adversary proceeding as the defendants' "attorney of record" and, as such, was obligated to act on the defendants' behalf even in the absence of any retainer agreement. See LBR 2017-1(a)(2); see also LBR 1001-1(g). That means Mr. Williams was obligated to file an answer, and an answer should have been filed, because the obligation to file an answer existed independent and apart from any retainer agreement between

- 7 -

1 | Mr. Williams and the defendants.[2]  Mr. Williams' explanation,
2 | therefore, does not negate the deliberate failure to file an
3 | answer in this adversary proceeding.

4 | Inasmuch as the defendants insist in their reply that
5 | Mr. Williams was their attorney of record in this adversary
6 | proceeding, they are bound by how Mr. Williams conducted this
7 | adversary proceeding on their behalf.  The Ninth Circuit has
8 | regularly held that parties are generally bound by the actions
9 | and/or mistakes of their lawyers in the context of default
10 | judgments.  See Latshaw v. Trainer Wortham & Co., 452 F.3d 1097,
11 | 1101-02 (9th Cir. 2006) ("A party will not be released from a
12 | poor litigation decision made because of inaccurate information
13 | or advice, even if provided by an attorney."); Casey v.
14 | Albertson's Inc., 362 F.3d 1254, 1260 (9th Cir. 2004) ("As a
15 | general rule, parties are bound by the actions of their lawyers,
16 | and alleged attorney malpractice does not usually provide a basis
17 | to set aside a judgment pursuant to Rule 60(b)(1).")[3]

18 | In short, the defendants have not offered any explanation
19 | for the deliberate failure to file an answer that is inconsistent

21 | [2]Mr. Williams also would or should have known that an answer
22 | was required (1) because as an attorney admitted to practice in
   | this court he is charged with knowledge of the local rules and
   | (2) he knew or should have known that in order to obtain
23 | discovery and comply with discovery obligations under the joint
   | status report an appearance by the defendants was necessary.

25 | [3]During oral argument defendants' current counsel stated
   | that the defendants are only bound by attorney conduct that
   | results in a favorable outcome and not bound when the outcome is
26 | less than favorable.  Not only is that inconsistent with well-
   | established authority, but, the suggestion that the client is
27 | bound only by attorney conduct that benefits the client lacks
   | credibility and good faith.

1  with what is admittedly an intentional failure to file an answer

2  in the first instance.  As a result, the defendants have failed

3  to demonstrate any absence of culpability.  Therefore, the court

4  concludes that the first factor in the Falk analysis does not

5  support relief from the default judgments entered against the

6  defendants in this adversary proceeding.

7

8  Lack of a Meritorious Defense

9       Relief from a default judgment may be denied when the moving

10 party has failed to show a meritorious defense.  Aguilar, 782

11 F.3d at 1107.  "All that is necessary to satisfy the 'meritorious

12 defense' requirement is to allege sufficient facts that, if true,

13 would constitute a defense: 'the question whether the factual

14 allegation[s] [are] true' is not to be determined by the court

15 when it decides the motion to set aside the default.  Rather,

16 that question 'would be the subject of the later litigation.'"

17 Id. (quoting Mesle, 615 F.3d at 1094).  Thus, while it is not

18 necessary for the court to determine at the default judgment

19 stage if the defense will ultimately prevail at trial, in order

20 for a defense to be meritorious the facts alleged to support the

21 defense offered as meritorious must still be credible.  See,

22 e.g., Madsen v. Bumb, 419 F.2d 4 (9th Cir. 1969);[4] see also

23

24      [4]In Madsen, the district court denied the defendant's motion
   to set aside a default and subsequently entered default judgment
25 because it did not believe the version of the facts the defendant
   and his attorney asserted as the basis for a meritorious defense.
26 Madsen, 419 F.2d at 5.  In affirming the district court, the
   Ninth Circuit made special note of the district court's
27 familiarity with the facts of the case and its unique ability to
   assess the credibility of the defendant and his attorney in
28 determining if the proffered defense was meritorious.  Id. at 6-
   7.

1  <u>Girlsongs & Warner Bros. v. Starkey</u>, 108 F.R.D. 275, 277-78 (N.D.
2  Cal. 1984) ("[A]ll that is necessary to establish the existence
3  of a `meritorious defense' is a presentation or proffer of
4  evidence, which if believed, would permit either the court or
5  jury to find for the defaulting party[.]") (citation omitted)).

6      Count 1 of the complaint - brought under 11 U.S.C.
7  § 727(a)(2)(A) - alleges the defendants failed to disclose
8  deposits into a pension benefit plan of which Mr. Notman was a
9  statutory trustee shortly before they filed their chapter 7
10  petition.  Defendants maintain this cannot form the basis of a
11  denial of their discharge because such deposits are permissible
12  and not property of the estate.  However, the court need not
13  reach this issue because, even assuming for purposes of argument
14  that defendants are correct, defendants have not presented a
15  meritorious defense with respect to any of the other counts on
16  which the default judgments were entered, namely, Counts 2, 4, 7,
17  and 8.  And during oral argument, defendants' counsel conceded
18  that their motion to vacate could be denied if they failed to
19  demonstrate a meritorious defense on any one count upon which the
20  default judgment is based.

21      Count 2 - brought under 11 U.S.C. § 727(a)(2)(A) - alleges
22  the defendants concealed the value of their membership interest
23  in H&L Homes, LLC, by not disclosing funds the LLC held in
24  account as of the petition date.  Defendants state their
25  nondisclosure was inadvertent because they were not aware and/or
26  did not know the LLC's account had a positive balance.

27      Count 4 - brought under 11 U.S.C. § 727(a)(2)(A) - alleges
28  the defendants misrepresented secured claims on property they

- 10 -

owned at 3133 West March Lane, Stockton, CA.  Specifically, in an
effort to conceal and retain equity for themselves, the trustee
alleges that the defendants scheduled this property purchased in
2000 as secured by a first and second deed of trust knowing the
loan was secured only by a first and not by a second deed of
trust.  The defendants again state that this was a
misunderstanding - they did not know or realize there was no
second deed of trust on the property, and they did not know one
of the loans was unsecured.  Count 4 also alleges that by not
disclosing commissions earned pre-petition, the defendants failed
to disclose estimated monthly income on their schedules.  The
defendants again state their non-disclosure was inadvertent.

Count 7 - brought under 11 U.S.C. § 727(a)(4)(A) - alleges
that the defendants made false oaths by not disclosing assets
held by the pension/benefit plan in addition to a $70,005 Schwab
account when a schedule prepared shortly before the petition date
showed the plan held additional assets of value.[5]  Count 7 also
alleges that the defendants failed to list the pension/benefit
plan as a creditor in the underlying chapter 7 case.  Once again,
the defendants state these omissions were inadvertent because
they did not know or understand the extent of the plan's assets
or that they were personally liable for loans or withdrawals
taken from the pension/benefit plan.

In each of the Counts, the defendants' "meritorious defense"
rests upon their assertion that their failure to accurately

---

[5]Count 8, also brought under 11 U.S.C. § 727(a)(4)(A), is
similar, however, it is based on a statement by Mr. Notman under
oath during the § 341 meeting.

disclose assets and provide truthful statements in their
bankruptcy case were inadvertent because they did not know or
understand the nature or extent of their own business or business
assets.[6]  However, the court concludes that it is not credible
that an individual with Mr. Notman's experience, background, and
credentials in business, real estate, and securities would not
know: (i) the value of assets or an interest in an entity of
which he is a principal; (ii) whether a real estate loan was
secured or unsecured, particularly when payments on the loan were
made for 14 years; (iii) that commissions are income regardless
of when are earned; (iv) the extent of assets of a
pension/benefit plan of which he is the statutory trustee; and
(v) that as a statutory trustee of a pension/benefit plan he is
personally liable for unauthorized withdrawals or loans from the
pension/benefit plan.  It is also noteworthy that while the
defendants call these matters "inadvertent," these matters were
not immediately corrected when brought to the defendants'
attention.  Instead, it took substantial discovery at
considerable expense to the estate and the defendants' creditors
over a protracted period of time for the defendants to acquiesce
and make necessary corrections.

    In short, the court concludes that the defendants have
failed to present any credible facts that demonstrate their
purported defense is meritorious and would result in an outcome

---

[6]The declarations the defendants submitted with their motion
and reply also state the allegations in the complaint are untrue,
the defendants have valid defenses, and the defendants should be
given an opportunity to prove those defenses.  These are
conclusory and, as such, are plainly insufficient to establish a
meritorious defense.

different than the default judgments currently entered against them.   Therefore, the court also concludes this factor of the Falk analysis supports a denial of the defendants' motion to vacate the default judgments.

Prejudice

Defendants have also failed to persuade the court there would be no prejudice to the plaintiff if the default judgments were vacated.   Given the time that has lapsed, the court concludes that the plaintiff's ability to pursue his claims will be hindered and thereby prejudiced.

This adversary proceeding was filed in October 2014.   Over time, and particularly within the time span of a year, memories fade, evidence is lost or discarded, documents go missing, witnesses relocate, and evidence in general deteriorates or becomes stale.   That is inherently prejudicial to the discovery process in general, and the plaintiff in this adversary proceeding particularly when prosecution of the claims alleged in the complaint are document dependent.   The court also notes that Mr. Notman has a history in this adversary proceeding and in the underlying chapter 7 case of being less than forthcoming with document production.

Therefore, the court concludes that the defendants have failed to carry their burden on this factor as well and, as a result, this factor does not support vacating the default judgments entered against the defendants.

**Conclusion**

For the reasons stated above, the court concludes that the defendants have failed to establish "good cause" for vacating the default judgments entered against them in this adversary proceeding.  Therefore, the default judgments entered against the defendants on March 24, 2015, will not be vacated and the defendants' motion will be DENIED.

A separate order will issue.

Dated:  August 24, 2015.

UNITED STATES BANKRUPTCY JUDGE

- 14 -

**INSTRUCTIONS TO CLERK OF COURT**
**SERVICE LIST**

The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

Anthony D. Johnston
1600 G Street. Suite103
Modesto CA 95354

Keith R. Wood
1810 Grand Canal Blvd, Suite 6
Stockton CA 95207

G. Michael Williams
PO Box 7683
Stockton CA 95267

Cassandra B. Caverly
1200 K St N.W.
Washington DC 20005